NOTICE TO JUDGMENT DEBTOR ON
HOW TO CLAIM EXEMPTIONS

The attached pre-judgment or post-judgment process has been issued on request of the United States of America.

The law provides that certain property and wages cannot be taken. Such property is said to be exempted. This Notice lists the exemptions under federal law and your state law. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the Clerk's office of this Court and counsel for the United States. You have a right to a hearing within five business days, or as soon as practicable, from the date you file your claim with the Court.

If the United States of America as creditor is asking that your wages be withheld, the method of computing the amount of wages which are exempt from garnishment by law is indicated on the Claim for Exemption Form which is attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to Court ready to explain why your property is exempted, and you should bring any documents which may help you prove your case. If you do not come to Court at the designated time and prove that your property is exempt, you may lose some of your rights.

It may be helpful to you to seek the advice of an attorney in this matter.

CLAIM OF EXEMPTION
MAJOR EXEMPTIONS UNDER FEDERAL LAW

I claim that the exemption(s) from garnishment which are checked below apply in this case:

_____  1.  Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

_____  2.  Veterans' benefits (38 U.S.C. § 3101).

_____  2a. Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

_____  3.  Federal civil service retirement benefits (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

_____  4.  Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

_____  5.  Longshoremen and Harborworkers Compensation Act (33 U.S.C. § 916).

_____  6.  Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

_____  6a. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C.A. §§ 1108-1109(a-c)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

_____  6b. Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e).

_____  7.  Bankruptcy Code (Title 11, United States Code) which generally provides exemptions for:

Optional Federal Exemptions. You can claim items XX(a) through XX(l) or you can claim exemptions under your state law as described in items YY through ZZ.

(a) \_\_\_ $18,450 of equity in your residence.

(b) \_\_\_ $2,950 of equity in a motor vehicle.

(c) \_\_\_ Jewelry worth up to $1,225.

(d) \_\_\_ Personal property worth up to $9,850. (However, no single item worth more than $475 can be claimed as exempt.)

(e) \_\_\_ Property totaling up to $975 in value, plus up to $9,250 of any unused amount of the exemption provided in number 11(a) above.

(f) \_\_\_ $1,850 of equity in professional books, implements or tools, of your trade or your dependant's trade.

(g) \_\_\_ Any unmatured life insurance contract you own, other than credit life insurance.

(h) \_\_\_ The aggregate value, up to $9,850, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are independent of the insured.

(i) \_\_\_ Professionally prescribed health aids for you or your dependants.

(j) \_\_\_ Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k) \_\_\_ A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(1 0)(E)(i)-(iii).

(1) \_\_\_ Your right to receive, or property that is traceable to,

- an award under a crime victim's reparation law;

- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment under a life insurance contract on the life of an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;

- a payment, not to exceed $18,450, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;

- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants.

<u>MAJOR EXEMPTIONS UNDER STATE LAW</u>

NOTE: The law of the state where you have been domiciled for at least 180 days governs your rights.

NOTE: If you have selected the Bankruptcy Code exemptions (line 7 above), you <u>may not</u> also claim the state law exemptions listed below.

Article 16.

Exempt Property.

**§ 1C-1601. What property exempt; waiver; exceptions.**

(a) Exempt property. - Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors:

(1) The debtor's aggregate interest, not to exceed eighteen thousand five hundred dollars ($18,500) in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor; however, an unmarried debtor who is 65 years of age or older is entitled to retain an aggregate interest in the property not to exceed thirty-seven thousand dollars ($37,000) in value so long as the property was previously owned by the debtor as a tenant by the entireties or as a joint tenant with rights of survivorship and the former co-owner of the property is deceased.

(2) The debtor's aggregate interest in any property, not to exceed five thousand dollars ($5,000) in value of any unused exemption amount to which the debtor is entitled under subdivision (1) of this subsection.

(3) The debtor's interest, not to exceed three thousand five hundred dollars ($3,500) in value, in one motor vehicle.

(4) The debtor's aggregate interest, not to exceed five thousand dollars ($5,000) in value for the debtor plus one thousand dollars ($1,000) for each dependent of the debtor, not to exceed four thousand dollars ($4,000) total for dependents, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(5) The debtor's aggregate interest, not to exceed two thousand dollars ($2,000) in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

(6) Life insurance as provided in Article X, Section 5 of the Constitution of North Carolina.

(7) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(8) Compensation for personal injury, including compensation from private disability policies or annuities, or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.

(9) Individual retirement plans as defined in the Internal Revenue Code and any plan treated in the same manner as an individual retirement plan under the Internal Revenue Code, including individual retirement accounts and Roth retirement accounts as described in section 408(a) and section 408A of the Internal Revenue Code, individual retirement annuities as described in section 408(b) of the Internal Revenue Code, and accounts established as part of a trust described in section 408(c) of the Internal Revenue Code.

(10) Funds in a college savings plan qualified under section 529 of the Internal Revenue Code, not to exceed a cumulative limit of twenty-five thousand dollars ($25,000), but excluding any funds placed in a college savings plan account within the preceding 12 months (except to the extent any of the contributions were made in the ordinary course of the debtor's financial affairs and were consistent with the debtor's past pattern of contributions) and only to the extent that the funds are for a child of the debtor and will actually be used for the child's college or university expenses.

(11) Retirement benefits under the retirement plans of other states and governmental units of other states, to the extent that these benefits are exempt under the laws of the state or governmental unit under which the benefit plan is established.

(12) Alimony, support, separate maintenance, and child support payments or funds that have been received or to which the debtor is entitled, to the extent the payments or funds are reasonably necessary for the support of the debtor or any dependent of the debtor.

(b) Definitions. - As used in this section, the following definitions apply:
    (1) "Internal Revenue Code" means Code as defined in G.S. 105-228.90.
    (2) "Value" means fair market value of an individual's interest in property, less valid liens superior to the judgment lien sought to be enforced.

(c) Waiver. - The exemptions provided in this Article cannot be waived except by:
    (1) Transfer of property allocated as exempt (and in that event only as to the specific property transferred);
    (2) Written waiver, after judgment, approved by the clerk or district court judge. The clerk or district court judge must find that the waiver is made freely, voluntarily, and with full knowledge of the debtor's

rights to exemptions and that he is not required to waive them; or

 (3) Failure to assert the exemption after notice to do so pursuant to G.S. 1C-1603. The clerk or district court judge may relieve such a waiver made by reason of mistake, surprise or excusable neglect, to the extent that the rights of innocent third parties are not affected.

(d) Recent purchases. - The exemptions provided in subdivisions (2), (3), (4), and (5) of subsection (a) of this section are inapplicable with respect to tangible personal property purchased by the debtor less than 90 days preceding the initiation of judgment collection proceedings or the filing of a petition for bankruptcy, unless the purchase of the property is directly traceable to the liquidation or conversion of property that may be exempt and no additional property was transferred into or used to acquire the replacement property.

(e) Exceptions. - The exemptions provided in this Article are inapplicable to claims:

 (1) Of the United States or its agencies as provided by federal law;
 (2) Of the State or its subdivisions for taxes, appearance bonds or fiduciary bonds;
 (3) Of lien by a laborer for work done and performed for the person claiming the exemption, but only as to the specific property affected;
 (4) Of lien by a mechanic for work done on the premises, but only as to the specific property affected;
 (5) For payment of obligations contracted for the purchase of the specific real property affected;
 (6) Repealed by Session Laws 1981 (Regular Session, 1982), c. 1224, s. 6, effective September 1, 1982;
 (7) For contractual security interests in the specific property affected; provided, that the exemptions shall apply to the debtor's household goods notwithstanding any contract for a nonpossessory, nonpurchase money security interest in any such goods;
 (8) For statutory liens, on the specific property affected, other than judicial liens;
 (9) For child support, alimony or distributive award order pursuant to Chapter 50 of the General Statutes;
 (10) For criminal restitution orders docketed as civil judgments pursuant to G.S. 15A-1340.38.

(f) Federal Bankruptcy Code. - The exemptions provided in The Bankruptcy Code, 11 U.S.C. § 522(d), are not applicable to residents of this State. The exemptions provided by this Article and by other statutory or common law of this State shall apply for purposes of The Bankruptcy Code, 11 U.S.C. § 522(b).

(g) Effect of exemptions. - Notwithstanding any other provision of law, a creditor shall not obtain possession of a debtor's household goods and furnishings in which the creditor holds a nonpossessory, nonpurchase money security interest until the creditor has fully complied with the procedures required by G.S. 1C-1603. (1981, c. 490, s. 1; 1981 (Reg. Sess., 1982), c. 1224, ss. 1-7, 20; 1991, c. 506, s. 1; 1995, c. 250, s. 1; 1998-212, s. 19.4(j); 1999-337, s. 2; 2005-401, s. 1.)

    You must include the number of the exemption(s) and its fair market value

    The statements made in this claim of settlement to exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct. I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:


  Debtor/Defendant's Name_____

  Address _____

  Telephone No. _____